JAMES E. HOLLENSWORTH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hollensworth v. Commissioner
Docket No. 24380-82.
United States Tax Court
T.C. Memo 1988-88; 1988 Tax Ct. Memo LEXIS 106; 55 T.C.M. (CCH) 288; T.C.M. (RIA) 88088; February 29, 1988. *106 In March 1982, P filed his Federal income tax returns for 1975 and 1976. In July 1982, the Commissioner issued a notice of deficiency with respect to such years. P timely filed a petition in this Court challenging the Commissioner's determinations. However, when the case was called for trial, P failed to appear. Held, the Commissioner's determinations with respect to deficiencies and additions to tax are sustained. Held, further, the statute of limitations does not bar the assessment and collection of such deficiencies and additions to tax. James E. Hollensworth, pro se. William P. Hardeman, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined deficiencies in and additions to the petitioner's Federal income taxes as follows: Additions to Tax
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
Year
Deficiency
I.R.C. 1954
I.R.C. 1954
I.R.C. 1954
1975
$  74,676.02
$ 18,496.13
$ 3,733.80
$ 3,212.28
1976
142,711.22
35,677.81
7,135.56
5,325.98
*107 The issues for our decision are: (1) whether the petitioner is liable for the deficiencies and additions to tax in the amounts determined by the Commissioner, and (2) whether the statute of limitations serves to bar the assessment and collection of such deficiencies and additions to tax. Some of the facts have been stipulated, and those facts are so found. The petitioner, James E. Hollensworth, maintained his legal residence in Dallas, Texas, at the time he filed the petition in this case. On March 17, 1982, he filed his Federal income tax returns for 1975 and 1976 with the Internal Revenue Service Center at Austin, Texas. On the same date, he also filed an amended Federal income tax return for 1976. On July 7, 1982, the Commissioner issued a notice of deficiency to the petitioner for the amounts in dispute in this case. Mr. Hollensworth engaged counsel to prepare and submit a petition on his behalf challenging the Commissioner's determinations. However, after such petition was filed, the attorney determined that a conflict of interest existed with respect *108 to his representation of the petitioner and was granted leave to withdraw from the case. At the beginning of the trial session, the petitioner appeared and advised the Court that he had retained another representative to assist him in presenting his case. At his request, the Court set the case for trial at a later date. Despite Mr. Hollensworth's assurances, neither he nor his representative appeared when the case was called for trial. No excuse was given for such failure. On brief, the Commissioner concedes that the deficiencies and additions to tax contained in the notice of deficiency should be reduced to give effect to the tax liabilities reported on the returns filed by the petitioner. As to the remaining amounts, Mr. Hollensworth bears the burden of proving the Commissioner's determinations to be in error. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Since the petitioner failed to appear and to offer evidence to refute those determinations which remain in dispute, we hold that he has failed in his burden of proving that such determinations are erroneous. Moreover, the Commissioner is not bound *109 by the statute of limitations from assessing and collecting the deficiencies and additions to tax determined by him. Section 6501(a) allows the Commissioner to assess deficiencies and additions within 3 years after a return is filed, whether such return was filed on or after the date prescribed. A review of the record shows that Mr. Hollensworth filed his Federal income tax returns for 1975 and 1976 on March 17, 1982. The record further shows that the Commissioner issued his notice of deficiency on July 7, 1982, well within the 3-year period prescribed in section 6501(a). For such reason, we hold that the notice of deficiency was issued timely and that the statute of limitations does not prevent the Commissioner from assessing and collecting the amounts in dispute. After giving effect to the concessions by the Commissioner, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩